NO. 07-05-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 17, 2005

______________________________

RICKY HAROLD ROJAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 16,316-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND

Appellant Ricky Harold Rojas has given notice of appeal from a conviction and  sentence for possession of a controlled substance with intent to deliver and possession of marihuana, enhanced.  The appellate court clerk received and filed the trial court clerk’s record on May 11, 2005, and received and filed the trial court reporter’s record on June 16, 2005. 

Appellant’s brief was originally due on July 18, 2005.  Appellant has requested, and received, four extensions of the due date for his brief.  This court’s October 25, 2005, letter granting the fourth extension noted that appellant’s counsel had represented to the court in the third extension motion, and again in the fourth extension motion, that she did not anticipate further extension requests.  Appellant’s brief was due November 10, 2005.  Neither the brief nor a motion for a further extension of time has been received. 

Accordingly, this appeal is abated and the cause is remanded to the trial court.  
Tex. R. App. P. 
38.8(b)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: 

(1) whether appellant desires to prosecute this appeal; 

if appellant desires to prosecute this appeal, whether appellant’s present counsel should be replaced; and

what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant’s appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that the present attorney for appellant should be replaced, the court shall cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney.  

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk’s record.  The hearing proceedings shall be transcribed and included in a supplemental reporter’s record.  Those supplemental records shall be submitted to the clerk of this court no later than December 19, 2005.

Per Curiam

Do not publish.